IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER GRADY**                                                           **PETITIONER**

v.                                                                                   No. 1:15CV172-SA-DAS

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Christopher Grady for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

**Facts and Procedural Posture**

The petitioner, Christopher Grady, is in the custody of the Mississippi Department of Corrections and housed at the Central Mississippi County Jail/Lowndes County Jail in Columbus, Mississippi. Grady was convicted of one count of possession of a controlled substance in the Circuit Court of Lowndes County, Mississippi. He was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections.

Grady appealed his sentence and conviction to the Mississippi Supreme Court raising the following ground for relief, through counsel:

> Issue 1. Whether trial counsel's failure to move to suppress the marijuana found during an illegal search and seizure constituted ineffective assistance of counsel?

On September 8, 2015, the Mississippi Court of Appeals affirmed the judgment of the circuit Court. *Grady v. State*, 2015 WL 5202754 (Miss.Ct.App. 2015) (Case No. 2014-KA-00787-COA). In analyzing the ineffective assistance of counsel issue, the court held:

> The record does not affirmatively indicate that Grady suffered denial of effective assistance of counsel of constitutional dimensions. Nor have the parties stipulated that the record was adequate to allow the appellate court to make a finding without considering the findings of fact by the trial judge. As a result, we decline to address this issue without prejudice to Grady's right to seek postconviction relief if he chooses to do so.
>
> This Court hereby dismisses Grady's ineffective assistance of counsel claim without prejudice to his ability to raise it in postconviction proceedings.

*Id.* at 2. Grady has not filed a motion for post-conviction relief ("PCR.")

He filed the instant *pro se* federal habeas petition on September 28, 2015. *See* ECF, Doc. 1. Grady raises the following grounds for relief:

> **Ground One.** Constructive ineffective assistance of counsel Donna S. Smith at [] many levels.
>
> **Ground Two.** Illegal search and seizure.
>
> **Ground Three.** Excessive sentencing in violation of the 8th United State[s] Constitutional amendment and civil procedure 60(a).

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

The petitioner still has the remedy of seeking post-conviction collateral relief in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed without prejudice for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and he needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of May, 2016.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**